**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George E. WRIGHT,
Defendant-Appellant.**

No. 78–1926.

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 10, 1979.

Decided Oct. 9, 1979.

Leonard D. Munker, Federal Public Defender, Wichita, Kan., for defendant-appellant.

John Oliver Martin, Asst. U. S. Atty., Kansas City, Kan. (with James P. Buchele, U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Before BARRETT and McKAY, Circuit Judges, and BRIMMER, District Judge.*

PER CURIAM.

The defendant challenges the sufficiency of the evidence to sustain a conviction for aiding and abetting the interstate sale of a stolen vehicle. More particularly, the defendant challenges the admissibility of certain evidence.

The evidence introduced at trial dealt with the sale of two stolen vehicles to government "sting" operations. The defendant was charged with the second sale, but not the first.[1] Without the evidence relating to the first sale, however, the case against the defendant as to the second sale was, concededly, "thin" indeed.

We expect trial courts diligently to guard against prejudice from the admission of evidence relating to uncharged crimes. The potential of prejudice, however, is not great enough to overcome the fact that occasionally evidence which happens to relate to uncharged crimes may be necessary, and admissible, in the trial of the charged crime. Evidence of another intertwined crime may show, among other things, the context in which defendant's behavior was set. Rule 404(b) of the Federal Rules of Evidence recognizes both the problem of prejudice and the occasional uses to which evidence of other crimes might appropriately be put.

In this case, the evidence dealing with the uncharged transaction was clearly

---

* Of the United States District Court for the District of Wyoming, sitting by designation.

1. The defendant was initially charged with both sales transactions, but the charges relating to the first vehicle were dropped, apparently because the government had no proof that the vehicle had been transported across state lines.

admissible. The evidence regarding the first sale together with other evidence is more than sufficient to sustain the conviction.

According to prosecution testimony, the defendant sold to officers conducting the sting operation a stolen van worth more than $5,000 for $500. Six days later the defendant called from Missouri to one of the same officers in Kansas and asked if they "could . . . use another van just like the one [they] just got?" Record, vol. 2, at 26. When the officer indicated an interest, defendant promised that "a guy named Randy" would contact them. Record, vol. 2, at 26. When asked about the price for the van, defendant replied, "just like the other one, $500." Record, vol. 2, at 26. True to defendant's assertion, Randy Linville called the next day to discuss a vehicle sale. Linville, who was calling from defendant's place of business, put the defendant on the phone to help negotiate an equally ridiculous price for the second van which, in an insurance company's estimation, was worth $6,900. Record, vol. 2, at 13 and 69.

The evidence concerning the earlier uncharged sale is necessary to make clear to the jury the meaning of the defendant's statements regarding the second transaction, e. g., what was meant by the phrase, "just like the other one." Without the background of the earlier dealing, much of the evidence concerning the charged transaction would be confusing and misleading. The evidence of the first transaction was also valuable to show that the offer made by the defendant to the sting officers and his appraisal of the van's value did not reflect innocent involvement in the second transaction. The evidence was sufficient to sustain the conviction.

AFFIRMED.